**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
ARISTA RECORDS, LLC, a Delaware     :
Limited Liability Company; UMG      :
RECORDINGS, INC., a Delaware        :
Corporation; SONY BMG MUSIC         :        Civil Action No. 07-712 (PGS)
ENTERTAINMENT, a Delaware General   :
Partnership; WARNER BROTHERS        :
RECORDS, INC., a Delaware Corporation;  :
CAPITAL RECORDS, INC., a Delaware   :
Corporation; MOTOWN RECORD          :
COMPANY, L.P., A California Limited :
Partnership; and ELEKTRA            :        **OPINION**
ENTERTAINMENT GROUP, INC., a        :
Delaware Corporation,               :
                                    :
        Plaintiffs,                 :
                                    :
            v.                      :
                                    :
MARIANNE CALLIE,                    :
                                    :
        Defendant.                  :
_____ :

This matter comes before the Court on a motion to enter default judgment against Defendant Marianne Callie for infringement of copyrights for illegally downloading music. The Complaint was filed on February 13, 2007. Defendant was served with the Complaint on March 4, 2007, but has failed to plead or otherwise defend. Default was entered by the Clerk on April 12, 2007 pursuant to Fed. R. Civ. P. 55(a). On May 16, 2007, plaintiffs moved for default judgment. For the reasons set forth below, Plaintiffs' motion is GRANTED.

I.

Fed.R.Civ. P.  Rule 55 governs the entry of default judgment. Prior to the Court entering a default judgment against a party, the clerk of the court must enter a default pursuant to Rule 55(a). Once this is entered, the Court may pursuant to Rule 55(b)(2) enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990).   Even if a party has properly followed the requirements of Rule 55, they are not entitled to a judgment as of right, instead the entry is left to the sound discretion of the court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984). The Third Circuit has cautioned that "discretion is not without limits, however, and were have repeatedly stated our preference that cases be disposed on the merits whenever practicable." *Id*. at 1180-81.

II.

There are nine recordings at issue[1].  They are subject to a valid certificate of copyright issued by the Register of Copyrights, and are owned by or licensed to one or more of the plaintiffs.  The defendant without plaintiff's consent has used and continues to use an online media distribution system identified as Kazaa to reproduce nine sound recordings thus making them available for further reproduction and distribution. Accordingly, plaintiffs seek the statutory minimum of damages and costs available under the Copyright Act. 17 U.S.C.A. § 501(a) *et seq*. They also seek a permanent injunction prohibiting defendants from any future infringements.

A number of courts have held that downloading music from the internet, for which the user

---

[1]  The sound recordings are Whitney Houston's "When You Believe," Ja Rule  "6 Feet Underground", Avril Lavigne "I'm With You", Fiona Apple "Criminal", Toni Braxton "Un-Break My Heart", Madonna "Like a Virgin", Marcy Playground "Sex and Candy", Boys II Men "I'll Make Love to You", and Tamia  "Stranger in My House".

2

neither pays a fee nor owns, is a direct infringement violation of the Copyright Act, 17 U.S.C.A. § 501(a).  *Fonovisa Inc., v. Merino,* 2006 WL 3437563, *1 (D.N.J. Nov. 27, 2006); *See In re Aimster Copyright Lit.*, 334 F.3d 643, 645 (7th Cir.2003) ("If the music is copyrighted, [ ] swapping, which involves making and transmitting a digital copy of the music, infringes copyright.  The swappers . . . are [ ] direct infringers."), *cert. denied*, 124 S.Ct. 1069 (2004); *A & M Records, Inc., v. Napster*, 239 F.3d 1004, 1014 (9th Cir.2001) (individuals who upload and download music files without permission commit direct copyright infringement); *BMG Music v. Gonzalez*, 2005 WL 106592, * 1 (N.D.Ill. Jan. 7, 2005) (to permit a defendant "to assert [an innocent infringer] defense based on her ignorance would eviscerate copyright protection and the old adage that 'ignorance is no defense to the law.' "); *Elektra Ent. Group, Inc. v. Bryant*, 2004 WL 783123, at *4 (C.D.Cal. Feb. 13, 2004).

III.

Further, the Copyright Act provides that a copyright infringer may be liable for statutory damages, not less than $750.00 and not more than $30,000.00 per violation. 17 U.S.C. §504( c).  A copyright owner may elect to recover statutory damages rather than actual damages and profits. *Fitzgerald Publ'g Co., v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1114 (2d Cir.1986).  *See also,* 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright §14.04[A] at 14-44 (2002).  Courts routinely award minimum statutory damages as part of default judgments in copyright infringement actions. *D.C. Comics Inc., v. Mini Gift Shop*, 912 F.2d 29, 35, 37 (2d Cir. 1990).  Here plaintiffs elected for the statutory minimum amount of damages $750.00 for each of the nine infringements for a total amount of $6,750.00.

IV.

Sec. 505 of the Copyright Act permits a plaintiff to recover costs of the suit, in the courts discretion.  Pursuant to the statute an award of costs is appropriate to deter future copyright infringement and to penalize the losing party. Courts routinely awards costs in a copyright infringement actions on entry of default judgment. *Priority Records LLC v. Rodriguez*, 2007 WL 416093 (E.D.Cal. Feb. 5, 2007); *Virgin Records America, Inc., v. Lacey*, 2007 WL 177828 (S.D.Ala. Jan. 23, 2007);  *BMG Music v. Champagne*, 2006 WL 3833473 (D.N.J. 2006) (unpublished opinion) (same)  Plaintiffs also the statutory minium amount for costs, i.e., $420.00 dollars.

V.

Pursuant to Sec. 502 of the Copyright Act, Plaintiffs also seek a permanent injunction against the defendant. 17 U.S.C. §502(a) Sec. 502(a). The Court may enter "final injunctions on such terms it may deem reasonable to prevent or restrain infringement of a copyright." *Id*.  This relief is regularly granted in copyright infringement actions. *Comcast Cable Communications v. Adubato,* 367 F.Supp.2d 684 (D.N.J.2005)*; Directv v. Gendrachi,* 2005 WL 350952 (D.N.J. Feb. 14, 2005)*. See also, Video Trip Corp., v. Lighting Video Inc.,* 866, F.2d 50, 51-52 (2d Cir. 1989).   Further, courts routinely issue injunctions as part of default judgments. *Securities & Exch. Comm'n v. McNulty,* 137 F.3d 732, 741 (2d Cir.), *cert denied*, 525 U.S. 931, 119 S.Ct. 340 (1998). Since defendant has failed to answer or otherwise plead, plaintiff is entitled to injunctive relief.  Fed. R. Civ. P. 55(b)(2).

4

VI.

As plaintiff is seeking only the minimum statutory amount of damages and because those damages are easily ascertainable from the proofs submitted, an evidentiary hearing is not required. *Warner Bros. Records Inc., v. Gullfoyle,* 2007 WL 835421, *3 (D.N.J. March 14, 2007) *citing Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002). Morever, the Plaintiff as the prevailing party, is entitled to collect costs under Sec. 505 of the Copyright Act.

With respect to the injunctive relief, plaintiffs state that they suffer irreparable injury from defendant's conduct that cannot be compensated or measured through monetary damages. Further, plaintiffs also point to defendant's failure to respond to the Complaint indicates that "defendant does not take seriously the illegality of the infringing activity." (Pl. Br. at 9.) As a consequence, and for the reasons stated by plaintiff, this Court finds a sufficient basis to issue a permanent injunction.

For the above stated reasons, default judgment against defendant is granted, and plaintiffs are entitled to the sum of $7,170.00, which includes $6,750.00, in statutory damages and $420.00 in costs.  Furthermore, Defendant is enjoined from infringing on plaintiffs' copyrighted and licensed sound recordings.

s/Peter G. Sheridan
PETER G. SHERIDAN, U.S.D.J.

June 15, 2007

5

6